Filed 6/30/14  P. v. Araujo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065568 |
| v. | (Super. Ct. No. VCF124455) |
| DAVID STEVEN ARAUJO, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  James W. Hollman, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J., and Gomes, J.

In 2005, a jury convicted appellant, David Steven Araujo, of attempted murder (Pen. Code, §§ 187, 664)[1] and assault with a deadly weapon (§ 245, subd. (a)(1)), and found true enhancement allegations that in committing both offenses, appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly weapon (§ 12022, subd. (b)(1)). In a separate proceeding, the jury found that appellant was legally insane at the time he committed the instant offenses. The court ordered appellant committed to Atascadero State Hospital pending restoration of sanity, and set appellant's maximum period of confinement at life with the possibility of parole plus four years.

In 2008, the court ordered that appellant receive outpatient treatment under the supervision of the Central California Conditional Release Program (CONREP). In 2010, the court ordered appellant's outpatient status revoked.

In March 2012, the court granted appellant outpatient status under CONREP supervision a second time. In June 2012, the program director of CONREP filed a request that appellant's outpatient status be revoked. In July 2012, the court, following a court trial, ordered that appellant's outpatient status be revoked and that appellant be returned to Atascadero State Hospital for inpatient treatment. The instant appeal followed.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.) Appellant submitted a written response to this court's invitation to submit additional briefing, but subsequently, at appellant's request, this court ordered that response withdrawn. We affirm.

---

[1] All statutory references are to the Penal Code.

# FACTUAL BACKGROUND

*Instant Offenses*

On March 15, 2004, appellant's father was asleep in the living room of his home. He woke up and felt like he was being punched, but he realized at some point he was being stabbed. Appellant's girlfriend, who was also in the room, saw appellant lunge at his father and begin stabbing him. A short time later, appellant fled and was subsequently arrested at a nearby restaurant. He had a knife in his possession that had what appeared to the arresting officer to be blood on it. After his arrest, appellant admitted to the officer that he stabbed his father.

*Revocation of Outpatient Status*

The conditions of appellant's outpatient release included the following: He could have no contact with his son and his son's mother, who was appellant's ex-girlfriend, until after he completed a parenting class, at which point he could visit with his son and ex-girlfriend, but only on a supervised basis at the CONREP facility. Thereafter, however, appellant visited his ex-girlfriend and son at his ex-girlfriend's home on multiple occasions.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.